UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GERALD LEE | § | CIVIL ACTION NO. |
| | § | |
| Plaintiffs, | § | |
| VERSUS | § | |
| | § | SECTION: |
| THE NATIONAL FLOOD INSURANCE | § | |
| PROGRAM, BROCK LONG, in His Official | § | |
| Capacity as Administrator of the Federal | § | |
| Emergency Management Agency, KIRSTJEN | § | MAGISTRATE: |
| NIELSEN, in Her Official Capacity as Secretary | § | |
| of the United States Department of Homeland | § | |
| Security | § | |
| | § | JUDGE: |
| Defendants, | § | |

* * * * * * * * * * * * * * * * * * * * * * * ** * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, GERALD LEE,

who respectfully file this complaint:

## PARTIES

1.      Plaintiff is GERALD LEE, a person of the full age of majority and domiciled in

Hardin County, Texas, who at all relevant times herein is the owner of the residence at 406 Piney

Point Drive, Sour Lake, TX 77659.

2.      The Federal Emergency Management Agency ("FEMA") is a federal agency under

the United States Department of Homeland Security that administers and issues flood insurance

policies pursuant to the National Flood Insurance Program and the National Flood Insurance Act

of 1968, as amended, 42 U.S.C. §4001, et seq.  Defendant Brock Long is a proper party to this

action pursuant to 42 U.S.C. § 4072, which authorizes suit against the administrator of FEMA in

his official capacity to assert claims related to the disallowance or partial disallowance of a flood

insurance claim.  See also 44 C.F.R. §§ 61, App. A(1), Section VII(R), and 62.22.  Defendant

Kirstejen Nielson is a proper party pursuant to section 503 of the Homeland Security Act of 2002,

Pub. Law 107 296, 5 U.S.C. §§301, et seq., which transferred all functions, personnel, and

liabilities of FEMA to the Secretary of the Department of Homeland Security.

3.      At all relevant times NFIP provided flood insurance coverage to Plaintiff under

Policy No. SF00172744. Upon information and belief at the time of loss the policy limits for the

flood policy were $250,000.00 for damage to the structure and $100,000.00 for damage to the

contents, respectively.

## JURISDICTION AND VENUE

4.      This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331 as the dispute

involves a federal question, pursuant to 28 U.S.C. § 1332 as there is complete diversity among the

parties and the amount in controversy exceeds $75,500, and pursuant to 42 U.S.C. § 4072 because

an agency of the United States government is named as a defendant.

5.      Venue is proper in the U.S. District Court of the Eastern District of Texas pursuant

to 28 U.S.C. § 1391 and 42 U.S.C. §4072 because the damages occurred in Hardin County, State

of Texas.

## FACTS

6.      Between August 26 and September 1, 2017, Hurricane Harvey battered southeast

Texas with gale force winds and torrential rains causing unprecedented flooding throughout the

region.  Upwards of sixty-one (61) inches of rain affected the area causing rivers to overflow,

producing toxic category three (3) contaminated water to inundate homes.  These toxic waters

contaminated with sewage, escherichia coli and flesh-eating bacteria, and other harmful pathogens

did not recede for days and even weeks.

7.      Plaintiff's property located at 406 Piney Point Drive, Sour Lake, TX 77659 (hereinafter "property" or "residence") was no exception.  Plaintiff's property was submerged in toxic flood water for approximately a week as a result of the storm.  Moisture, saturation, and contamination from prolonged submersion caused incredible damage to the residence and its contents.

8.      At all times relevant hereto, Plaintiff owned the property and resided there until forced to evacuate due to the flooding.

9.      At all times relevant hereto, Plaintiff had an insurance contract in effect with NFIP for flood dwelling coverage of the property. The applicable insurance contract specifically provided coverage for the flood event that occurred in later August, early September of 2017.

10.     Plaintiff promptly notified NFIP of the flood damage and filed a timely proof of loss for the flood damage to the property.

11.     The Federal Emergency Management Agency extended the deadline to file supplemental proof of loss claims relating to flooding caused by Hurricane Harvey from the standard 60 days to 365 days following the date of loss.  *See* U.S. DEP'T OF HOMELAND SECURITY, RELEASE NO. HQ-17-082, FEMA'S NATIONAL FLOOD INSURANCE PROGRAM ENHANCES THE FLOOD CLAIMS PROCESS AND EXTENDS GRACE PERIOD FOR POLICY RENEWALS (Sept. 4, 2017).

12.     On or about August 23, 2018, Plaintiff submitted a timely supplemental proof of loss reflecting the actual cost to perform the repairs above the amounts previously tendered.  The second proof of loss evidenced that the cost of repairs exceeded policy limits of $250,000.00.

13.     Plaintiff, individually and through their contractor, submitted invoices, receipts, and other requested proof of expenses incurred and proofs of loss as required by the NFIP flood policy, specifically, and Standard Flood Insurance Policy ("SFIP"), generally.

14.     NFIP has yet to remit full payment for covered losses despite amicable demand by Plaintiff and/or their representatives.

15.     Plaintiff has incurred additional liability for interest on costs incurred to make the approved repairs to the covered losses that have gone unpaid by NFIP despite due proof of the cost of reimbursable repairs and covered contents.

16.     At all times material hereto, Plaintiff has fully cooperated with NFIP and provided access to the property, claim documentation, invoices, receipts, and all other requested materials to the best of his ability. Plaintiff has further satisfied all conditions precedent to filing this Complaint.

## CAUSES OF ACTION

17.     Plaintiff has the following causes of action against Defendant, NFIP:

   i.     Breach of contract; and

   ii.     Other causes of actions that will be determined at trial.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18.     Plaintiff realleges and reavers herein the allegations set forth in the preceding paragraphs.

19.     Plaintiff and FEMA entered into a contract when Plaintiff purchased and FEMA issued the Flood Policy.  The Flood Policy, at all times material hereto provided flood insurance coverage to Plaintiff.  Pursuant to the terms and conditions of the aforementioned Flood Policy, NFIP is obligated to pay Plaintiff for their flood loss up to the full extent of damages incurred, minus any applicable deductible amount, for structure and contents coverages.

20.     Plaintiff duly performed and fully complied with all of the conditions of the Policy and conditions precedent to filing this Complaint.  Plaintiff provided timely notice of their loss to

NFIP, which has, contrary to the terms of the policy, failed to pay for all flood-related damages, which are within the limits of the available coverage.  Plaintiff strictly complied with the proof of loss requirements for payment on an SFIP claim and submitted it to FEMA within the deadline. As a result of NFIP's breach of the terms of the Flood Policy, Plaintiff has and will incur substantial costs that he would not otherwise have had to incur.

21.     FEMA unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment of the Plaintiff's claims.

22.     FEMA failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiff for damages the flood caused to the covered property.

23.     FEMA violated the National Flood Insurance Act ("NFIA"), flood insurance rules and regulations, and Federal common law by, among other things:

    a.  Failing to fairly and timely adjust and pay on the flood claim at issue;

    b.  Failing to properly train and supervise its adjusters, claims examiners, representatives and agents;

    c.  Failing to honor Plaintiff's satisfactory proof of loss;

    d.  Failing to provide its adjusters, claims examiners, representatives and agents with proper and uniform materials with which to evaluate claims;

    e.  Failing to account for the shortage of labor and contractors following Hurricane Harvey, and the prevalence of contractor misconduct and fraud;

    f.  Failing to account for the increase in labor, materials, costs, and time in evaluating Plaintiff's claim; and

    g.  Failing to inform the Plaintiff of flood policy limitations and exclusions.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to full insurance coverage under the applicable NFIP flood insurance policy for the damages to the insured property and other such equitable relief set forth in the petition including, but not limited to:

    i.   The difference between what the Defendant has paid and the actual loss and expenses incurred by Plaintiff plus legal interest thereon from the date of the loss until paid; and

    ii.   Any and all equitable relief deemed appropriate by this Court.

WHEREFORE, Plaintiff GERALD LEE prays that Defendant, NFIP, be duly cited to appear and answer this Complaint, that it be served with same together with this Complaint, and that after due proceedings had, there be judgment in favor of Plaintiff and against NFIP in an amount to be determined by the Court together with legal interest thereon from the date of the loss until paid.

Respectfully submitted,

*/s/ Jeremiah N. Johns*

_____
JEREMIAH N. JOHNS (TX # 24108002)
TONY N. HERNANDEZ (TX # 24087713)
3500 North Hullen Street
Metairie, LA 70002
Phone: (504) 273-0444
Fax: (866) 510-2470
jnjohns@johnsfirm.com

*Attorneys for Plaintiff GERALD LEE*